UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BUXBAUM,

                    Plaintiff,

      -against-

KEY STAR CAPITAL FUND II, L.P.,

                    Defendant.

**<u>OPINION & ORDER</u>**

25-CV-01958 (PMH)

PHILIP M. HALPERN, United States District Judge:

Michael Buxbaum ("Plaintiff"), who is proceeding *pro se*, commenced this action on March 4, 2025 (the "Complaint"). (Doc. 1, "Compl."). Plaintiff alleges in the Complaint that Key Star Capital Fund II, L.P. ("Defendant") violated "Title 12," specifically, 12 C.F.R. § 34.62, by "accelerating and foreclosing" on Plaintiff's "business real estate property." (Compl. at 3, 5).[1]

Defendant filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) on June 30, 2025.[2] (Doc. 29). Defendant requested an Order dismissing the Complaint and requested injunctive relief "enjoining and restraining Plaintiff from filing additional lawsuits against Defendant." (*Id.*). Defendant filed its memorandum of law in support of its motion to dismiss on that same day. (Doc. 29-11, "Def. Br."). Plaintiff did not file an opposition to the motion to dismiss.[3]

---

[1] All citations to the Complaint use the pagination generated by ECF.

[2] To the extent Defendant moves alternatively for summary judgment that application is denied.

[3] Defendant, in accordance with the Court's Individual Practices, filed a pre-motion letter on May 19, 2025, indicating its intention to move to dismiss the Complaint. (Doc. 18). On May 27, 2025, Plaintiff filed a letter opposing Defendant's pre-motion letter. (Doc. 20). On June 2, 2025, the Court granted Defendant's request for leave to file a motion to dismiss, waived any pre-motion conference requirement, and set a briefing schedule for the Defendant's motion to dismiss, with Plaintiff's opposition due on July 30, 2025. (Doc. 24). On June 30, 2025, the Defendant filed the notice of motion, supporting papers, and affidavit of service, which indicates the Defendant's motion papers were mailed to Plaintiff by regular mail. (*See* Doc. 29; Doc. 29-12). Plaintiff did not file opposition papers. While the Court's June 2, 2025 order was mailed to Plaintiff (*see* June 3, 2025 Entry), it was returned on August 11, 2025, with the notation, "Return to

For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

This action stems from the alleged foreclosure of Plaintiff's "business real estate property" for "nonbusiness discriminatory reasons" by the Defendant Key Star Capital Fund II, L.P. (Compl. at 5). Plaintiff does not provide any information as to the address or details of the alleged "business real estate property," or Defendant's relationship to such property, yet claims that Defendant "intentionally and willfully noncomplied with Title 12." (*Id.*). Plaintiff claims, through the alleged "accelerat[ed]" foreclosure, that Defendant violated "Title 12 Banks and Banking; Chapter 1 Comptroller of the Currency, Department of Treasury, Part 34 Real Estate Lending and Appraisals, Subpart A; 12 C.F.R. §§ 34.62 Real Estate lending standards." (*Id.* at 3).

This litigation followed.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

Sender – Not deliverable as addressed – Unable to forward" (Aug. 11, 2025 Entry). Accordingly, and given Plaintiff's *pro se* status, on August 13, 2025, the Court *sua sponte* extended Plaintiff's time to oppose the motion to September 12, 2025, warned Plaintiff no further extensions would be granted, and cautioned that if Plaintiff failed to file opposition by September 12, 2025, the motion would be deemed fully submitted and unopposed. (Doc. 30). Additionally, the Court directed the Clerk of Court to mail a copy of the Order and the docket sheet to Plaintiff. (*Id.*). On August 15, 2025, a mailing receipt was entered indicating that the Court's August 13, 2025 Order was mailed to Plaintiff at the address stated on the docket. (Aug. 15, 2025 Entry). There is no indication that Plaintiff failed to receive the Court's August 13, 2025 Order. As is clear from the docket, and despite the prior returned mailing, Plaintiff had ample notice of Defendant's motion to dismiss based on the multiple previously successful mailings in this action, and failed to file any opposition thereto. Accordingly, the Court deems the motion fully submitted and *sub judice*.

*Twombly*, 550 U.S. 544, 570 (2007)).[4] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The presumption of truth, however, "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 72. A plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Moreover, when deciding an unopposed motion to dismiss, as is the case here, "the Court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Law v. Corizon Med. Servs.*, No. 13-CV-05286, 2014 WL 2111675, at *3 (S.D.N.Y. May 12, 2014) (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)). It is, therefore, appropriate for the Court to test the sufficiency of the claims challenged on this motion even without the benefit of formal opposition to the motion.

## ANALYSIS

Construing the Complaint liberally, Plaintiff presses one claim for relief under 12 C.F.R. § 34.62. (*See* Compl. at 3-5).

I.      Plaintiff's Claim for Relief: 12 C.F.R. § 34.62

Defendant argues that 12 C.F.R. § 34.62, is only applicable to "national banks," and as Defendant Key Star Capital Fund II, L.P. is not a "national bank," the Complaint must be dismissed. (Def. Br. at 4-5).[5] The Court agrees.

12 C.F.R. § 34.62 is a regulation associated with standards for real estate lending for "national banks" (the "Real Estate Lending Regulation"), and states that "[e]ach national bank shall adopt and maintain written policies that establish appropriate limits and standards for extensions of credit that are secured by liens on or interests in real estate, or that are made for the purpose of financing permanent improvements to real estate." *See* 12 C.F.R. § 34.62; *see also* 12 C.F.R. § 34.61 (stating that this "subpart, issued pursuant to section 304 of the Federal Deposit Insurance Corporation Improvement Act of 1991, 12 U.S.C. 1828(o), prescribes standards for real estate lending to be used by national banks in adopting internal real estate lending policies"); *see also* 12 C.F.R. § 34.1 ("the purpose of this part [Part 34] is to set forth standards for real estate-related lending and associated activities by national banks," and "applies to national banks and their operating subsidiaries as provided in 12 C.F.R. 5.34").

Title 12 of the United States Code provides the authority for the promulgation of the Real Estate Lending Regulation (*see* 12 C.F.R. § 34.1 (including as "AUTHORITY: 12 U.S.C. 1 *et seq.*, 25b, . . . 371, [and] . . . 1828(o)")), and includes a definition of "national bank" as including "any bank organized under the laws of the United States; and . . . any Federal branch established in accordance with the International Banking Act of 1978." 12 U.S.C. § 25b. Further, "[t]he persons

---

[5] Defendant frames this argument as a failure by Plaintiff to sufficiently allege federal question subject matter jurisdiction (*see* Def. Br. at 5-7). Defendant moved to dismiss only under Fed. R. Civ. P. 12(b)(6) or alternatively for summary judgment. (*See* Doc. 29). To the extent Defendant seeks also to challenge subject matter jurisdiction, the Court need not and does not reach that argument in light of the Court's ruling herein that Plaintiff has failed to sufficiently state his sole claim for relief. (*See infra* at 5-7).

uniting to form [a national bank] shall . . . make an organization certificate . . . which name shall include the word "national." 12 U.S.C. § 22; *see also Slingbaum v. M&T Bank Corp.*, No. 18-CV-00047, 2018 WL 7954879, at *3 (W.D.N.Y. May 4, 2018) (holding that M&T Bank Corp. was not a "national bank" as it is instead, a "bank chartered under the laws of the State of New York"); *Weiner v. Bank of King of Prussia*, 358 F. Supp. 684, 687 (E.D. Penn. 1973) (specifying that national banks "can be identified by the word 'national' in their name").

Here, Plaintiff names the Defendant in the Complaint as "Key Star Capital Fund II, L.P.," and states that Defendant "intentionally and willfully noncomplied with Title 12." (Compl. at 1-2). Plaintiff does not specify whether, in fact, Defendant is a "national bank." However, a "national bank" "shall" include the word "national" in its name (12 U.S.C. § 22), and Defendant's name does not include such a designation. It is, therefore, plain from the face of the Complaint that Defendant is not a "national bank."[6] *See Vargas v. Choice Health Leasing*, No. 09-CV-08264, 2010 WL 3398482, at *5 (S.D.N.Y. Aug. 26, 2010) (holding that Plaintiff's claim under Title 12 fails "because Choice [Health Leasing] is not a national bank"); *see also Slingbaum*, 2018 WL 7954879, at *3 ("12 C.F.R. §§ 9.5-9.7 do not provide a basis for jurisdiction because these regulations concern the fiduciary activities of national bank, and once again, M&T Bank is not a national bank."). As Defendant, an "L.P." (*see* Def. Br. at 11), is not a "national bank," Plaintiff's claim for relief under 12 C.F.R. § 34.62 cannot stand.

---

[6] Defendant filed a declaration of its counsel Edward A. Velky in support of the Motion to Dismiss (Doc. 29-1) with multiple Exhibits attached thereto (*see* Docs. 29-2 through 29-10). Exhibits A, B, C, E, F, G, and H (Docs. 29-2 through 29-4 and 29-6 through 29-9) consist of publicly available state and federal court filings and docket sheets. See *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014). Exhibits D and I consist of Defendant's organizational certificates. (Docs. 29-5 and 29-10). *See Chen v. Cai*, No. 19-CV-05387, 2022 WL 917575, at *3 n.3 (S.D.N.Y. Mar. 28, 2022) (holding that the Court can take judicial notice of "articles of organization" as they were publicly filed with the State of New York). Although the Court is entitled to take judicial notice of Exhibits A through I in connection with this motion, the Court need not, and does not, rely upon any of the documents outside of Plaintiff's pleading in dismissing his claim for relief.

Accordingly, Plaintiff's claim is dismissed for failure to state a claim as the regulation upon which Plaintiff relies does not apply to Defendant.[7]

II.     Warning of Injunction Against New Actions Filed by Plaintiff

Defendant requests that Plaintiff "be enjoined from commencing further proceedings against Defendant without advance permission of this Court," based on Plaintiff's "frivolous" filings and "barraging the judiciary and Defendant with letters, 'motions' and preposterous pleadings." (Def. Br. at 14-16). That application is denied at this time but Plaintiff's conduct warrants a warning concerning any future filings.

Plaintiff is cautioned, in light of his repeated filings involving the same claims and facts, including multiple improper filings in this action (*see, e.g.*, Docs. 9-14, 19, 21-23), that "[a]n injunction against future lawsuits is an available remedy in appropriate circumstances and has been applied where litigants file repeated lawsuit[s] relating to the same case." *Edwards v. Barclays Servs. Corp.*, No. 19-CV-09326, 2020 WL 2087749, at *7 (S.D.N.Y. May 1, 2020) (collecting cases), *adopted by* 2020 WL 3446870 (S.D.N.Y. June 24, 2020). The authority to enjoin litigants arises from the All Writs Act, 28 U.S.C. § 1651(a), *see Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23-24 (2d Cir. 1986) (collecting cases), as well as the inherent authority of the Court, *see Lacy v. Principi*, 317 F. Supp. 2d 444, 449 (S.D.N.Y. 2004) ("When a plaintiff files repeated lawsuits involving the same nucleus of operative facts, a district court has the inherent power to enjoin him from filing vexatious lawsuits in the future.") (collecting cases). Not only does the Court have the right to enjoin a vexatious litigant, but the Second Circuit has found that "[f]ederal courts have . . . the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984); *see*

---

[7] Given the conclusions reached herein, the Court need not and does not reach the balance of Defendant's arguments for dismissal. (Def. Br. at 7-14).

*also Lacy*, 317 F. Supp. 2d at 449 ("[T]he Court has a constitutional duty to enjoin the filing of frivolous lawsuits in order to preserve judicial resources when the plaintiff is likely to file more suits in the future and non-injunctive relief would be ineffective.") (citation omitted).

The Court is cognizant of Plaintiff's *pro se* status, and it has construed all of his filings liberally. Nevertheless, the Court warns Plaintiff that future filings involving similar claims, facts, issues, and parties, will not be tolerated. Should Plaintiff persist in his course of conduct, "the Court will require that Plaintiff first seek leave of Court before submitting such filings" and "may direct the Clerk of Court to return to Plaintiff, without filing, any such action that is received without a clear application seeking leave to file, and the Court may invite an application to dismiss the case with prejudice." *Kapsis v. Brandveen*, No. 09-CV-01352, 2009 WL 2182609, at *3 (E.D.N.Y. July 20, 2009).[8]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . . leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). For the reasons

---

[8] The Court notes that Plaintiff filed approximately 132 *pro se* lawsuits in this Court between December 2024 and May 2025. Of these, approximately 123 have been dismissed, with the vast majority having been dismissed for failure to submit the filing fee or an application to proceed *in forma pauperis*. Further, the Court is aware of at least one previously-issued filing injunction against Plaintiff, though the Court acknowledges that the facts specific to that injunction are not applicable to the circumstances of the instant case. *See* Doc. 36, *Buxbaum v. Buxbaum et al.*, No. 25-CV-00457 (S.D.N.Y. Mar. 28, 2025).

described herein, Plaintiff's sole federal claim is dismissed with prejudice as any amendment would be futile.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED:**

Dated: White Plains, New York
　　　　December 15, 2025

_____
Philip M. Halpern
United States District Judge

9